# NO. 12-14-00159-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON SIMMONS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Brandon Simmons appeals following the revocation of his community supervision. In one issue, Appellant argues that the trial court erroneously assessed attorney's fees as part of his court costs. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of between one and four grams of methamphetamine and pleaded "guilty." The indictment further alleged that Appellant previously had been convicted of felony possession of a controlled substance. The trial court found Appellant "guilty" as charged and, following a hearing, sentenced Appellant to imprisonment for ten years.[1] However, the trial court suspended Appellant's sentence and placed him on community supervision for five years.

Thereafter, the State moved to revoke Appellant's community supervision, arguing that Appellant had violated the terms and conditions thereof. A hearing was conducted on the State's motion, at which Appellant pleaded "true" to the allegations. Ultimately, the trial court found

---

[1] The trial court also found the enhancement allegation to be "true."

that Appellant had violated the terms of his community supervision, revoked his community supervision, and sentenced him to imprisonment for eight years. This appeal followed.

**ATTORNEY'S FEES**

In his sole issue, Appellant argues that the trial court improperly assessed costs against him in the form of attorney's fees after it found him to be indigent. The record demonstrates that Appellant was found to be indigent, and there is no contradictory evidence concerning that finding. The judgment placing Appellant on community supervision includes an assessment of $580.00 in court costs. Following the revocation of Appellant's community supervision, a bill of costs was prepared. That bill of costs sets forth $280.00 in court costs and reflects a zero balance. Appellant points out that the costs assessed in conjunction with the order placing him on community supervision exceed the amount set forth in the bill of costs issued in conjunction with the order revoking his community supervision by exactly three hundred dollars. Thus, he contends, attorney's fees in the amount of the difference were improperly assessed in conjunction with the first judgment.[2]

Any issues related to Appellant's original plea proceeding may be considered only in an appeal of the original order placing Appellant on community supervision. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015). However, any procedural default of this kind must be premised on the appellant's knowledge of, and failure to challenge, an issue. *See id.*

Appellant did not appeal from the 2010 judgment placing him on community supervision. But the record reflects that Appellant previously had acknowledged his obligation to pay attorney's fees. Specifically, Appellant signed a written statement of the conditions of his community supervision. Among those conditions, under the boldfaced heading entitled "**FINANCIAL CONDITIONS**[,]" was the requirement that Appellant "[p]ay all court cost[s], including any appointed counsel fee at the rate of $20.00 each month beginning July[] 2010." Moreover, at Appellant's 2010 sentencing hearing, the court stated to Appellant as follows: "You understand there will be additional conditions regarding payment of fees and things like

---

[2] There is no evidence that these costs were, in fact, assessed as attorney's fees. Appellant states that "this Court is aware from dozens of other cases [that] some district courts have routinely assessed a $300 fee for costs of an attorney appointed after a finding that a defendant is indigent." In our analysis of Appellant's sole issue, we consider only the record before us.

2

that that will be included in the actual written copy that you receive?" Appellant stated that he understood these conditions.[3]

Based on the foregoing, we conclude that Appellant had sufficient knowledge that costs had been assessed against him, which could include fees for appointed counsel. It was unnecessary that Appellant wait for the bill of costs to appeal the assessment of these costs. *See id.* Therefore, we hold that Appellant has forfeited his complaint, if any, that the trial court erred in assessing attorney's fees against him in conjunction with the 2010 judgment. *See id.* Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] In ***Riles***, the court noted that the order placing the appellant on deferred adjudication community supervision set forth next to the fine that for "court costs: see attached." ***Id.*** The court continued, stating that the appellant "should have taken pause at this. However, she did not." ***Id.*** The court further noted that there was no bill of costs attached to the order at that time. *See **id.***



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2015

NO. 12-14-00159-CR

**BRANDON SIMMONS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0139-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*